UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

R.R.,

    Plaintiff,

  v.

ROMEOVILLE HIE HOTELS, LLC,

    Defendant.

No. 25 CV 993

Judge Manish S. Shah

MEMORANDUM OPINION AND ORDER

Plaintiff R.R. filed a complaint against defendant Romeoville HIE Hotels on January 29, 2025, alleging the company violated the Trafficking Victims Protection Reauthorization Act. R.R. served defendant on May 20, 2025. Romeoville HIE Hotels moves to dismiss under Federal Rules of Civil Procedure 4(m) and 41(b). For the reasons discussed below, the motion to dismiss pursuant to Rule 4(m) is granted.

I.     **Legal Standards**

A court may dismiss a case for insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008).[1] A plaintiff must serve the defendant summons and a copy of the complaint within ninety days of filing the complaint. Fed. R. Civ. P. 4(c), (m). If service is not timely made, it is the plaintiff's burden to demonstrate good cause for the failure. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 858–59 (7th Cir. 2018); *Cardenas*

---

[1] Though Romeoville HIE Hotels does not cite to Rule 12(b)(5), this is the manner specified by the civil procedure rules for challenging failure to serve process. *Ligas*, 549 F.3d at 501.

*v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). If the plaintiff does not meet her burden, I must either dismiss the suit or grant an extension. *Cardenas*, 646 F.3d at 1005.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss a case for failure of the plaintiff to prosecute or comply with the rules or any order of a court. Dismissal under this rule should be used "sparingly" and only "'when there is a clear record of delay or contumacious conduct'" on the part of the plaintiff. *Next Millennium Telecom Co. v. Am. Signal Corp.*, 112 F.4th 481, 484 (7th Cir. 2024) (quoting *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014)).

### III. Facts

Plaintiff R.R filed a complaint alleging that defendant Romeoville HIE Hotels violated the Trafficking Victims Protection Reauthorization Act by knowingly benefiting from sex trafficking when it received payments for rented rooms that it knew or should have known were used to traffic R.R. [1] ¶¶ 5, 16, 18–22, 29–36.[2] R.R. first filed her complaint in 2024. *See* [13-1]; Complaint, *R.R., an Individual v. Romeoville HIE Hotels, LLC*, No. 24-cv-10523 (N.D. Ill. Oct. 16, 2024), [1]. She was twice ordered to either file an amended complaint using her true name, or to file a motion to proceed pseudonymously. Minute Entry, *R.R.*, No. 24-cv-10523 (N.D. Ill. Nov. 14, 2024), [12]; Minute Entry, *R.R.*, No. 24-cv-10523 (N.D. Ill. Nov. 22, 2024), [16]. She did neither, and after she was ordered to show cause for her failure to file

---

[2] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed on the top of filings.

2

an amended complaint, she voluntarily dismissed the case. Notice of Voluntary Dismissal, *R.R.*, No. 24-cv-10523 (N.D. Ill. Nov. 26, 2024), [20]; Minute Entry, *R.R.*, No. 24-cv-10523 (N.D. Ill. Nov. 26, 2024), [21].

R.R. filed her second complaint on January 29, 2025. [1]. I ordered R.R. to file a status report on April 30, which she failed to do. [5]. I ordered her to file a status report on May 9, which she again failed to file. [6]. After a third order to file a status report by May 23, R.R. filed one on May 22. [6], [8]. R.R. also served Romeoville HIE Hotels with the complaint on May 20, one hundred and eleven days after the complaint was filed. [7], [9]. R.R. did not offer good cause for her untimely service or any explanation for her failure to comply with two prior court orders. [9].

IV. Analysis

Romeoville HIE Hotels argues that R.R.'s complaint should be dismissed for two reasons: for failure to timely serve process and for failure to prosecute and comply with court orders.

If a plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Absent good cause, I can still grant an extension. *UWM Student Ass'n*, 888 F.3d at 858. Factors to consider in deciding whether to grant an extension include, *Jones v. Ramos*, 12 F.4th 745, 749 (7th Cir. 2021),

3

> whether the defendant's ability to defend would be harmed by an extension; whether the defendant received actual notice; whether the statute of limitations would prevent refiling of the action; whether the defendant evaded service; whether the defendant admitted liability; whether dismissal will result in a windfall to a defendant; whether the plaintiff eventually effected service; whether the plaintiff ever requested an extension from the court due to difficulties in perfecting service; and whether the plaintiff diligently pursued service during the allotted period.

Even when the balance of the factors appears to favor an extension, I still have the "discretion to hold the Plaintiff[] accountable for [her] actions—or, more accurately, inaction—by dismissing the case." *Id.* (quoting *Cardenas*, 646 F.3d at 1007).

Here, Romeoville HIE Hotels' ability to defend the case would not be harmed by granting an extension. Service was three weeks past the deadline—a short enough delay that would not seriously impede Romeoville HIE Hotels' ability to defend. Because dismissal under the rule would be without prejudice, Romeoville HIE Hotels would be no more harmed by allowing an extension than if the case were dismissed and refiled. Romeoville HIE Hotels was eventually served and so had actual notice of the suit.

But it is not clear that R.R. diligently pursued service, and there is still plenty of time to refile before the expiration of the statute of limitations. 18 U.S.C. § 1595(c)(1) (a victim of the Trafficking Victims Protection Reauthorization Act may bring an action if it is within ten years from when the cause of action arose); [1] ¶¶ 2, 16 (alleging that R.R. was trafficked in 2021). Romeoville HIE Hotels has not admitted liability. R.R. never requested an extension and offered no reason for the failure to serve defendant on time—noteworthy because, as she stated, she served

4

Romeoville HIE Hotels a week after filing her initial complaint. [16] at 6. There is no evidence that defendant evaded service. And even now, given the opportunity, R.R. does not argue there was good cause, nor does she give any explanation for her failure to serve Romeoville HIE Hotels on time. And though not directly relevant to the question of service, in context, R.R.'s failure to meet deadlines is not a one-off event; in this case, she twice failed to file status reports after being ordered to do so. I dismiss the case without prejudice. *Jones*, 12 F.4th at 749.

Romeoville HIE Hotels argues that a failure to serve can support a Rule 41(b) motion to dismiss, especially considering the multiple orders—in both this case and her 2024 filing—that R.R. failed to follow. Rule 41(b) provides for involuntary dismissal if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). A dismissal under this rule "operates as an adjudication on the merits." *Id.* Because of the harshness of the sanction, there should be a record of delay, contumacious conduct, or a showing that lesser sanctions are unavailable, and that the defendant was prejudiced by the delay. *Thomas v. Wardell*, 951 F.3d 854, 862 (7th Cir. 2020); *but see McMahan v. Deutsche Bank AG*, 892 F.3d 926, 932 (7th Cir. 2018) (citing *Washington v. Walker*, 734 F.2d 1237, 1239 (7th Cir. 1984)) (prejudice may be presumed from an unreasonable delay). Dismissal with prejudice for want of prosecution should usually be used "only in extreme situations." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011). Factors relevant to the decision to dismiss include the "frequency of the plaintiff's failure to comply with the deadlines, whether the responsibility for the mistakes is attributable to the plaintiff

5

herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents." *Id.*

Dismissal under Rule 41(b) is too severe a sanction, despite R.R.'s multiple failures to comply with deadlines. The delay in serving process was not extreme, and Romeoville HIE Hotels has not shown that it was prejudiced—shortly after service, it filed this motion to dismiss, and discovery has since been stayed. Although Romeoville HIE Hotels says there has been turnover at the hotel and "memories will be worse," this would also have occurred if R.R. had waited until 2031, the end of the statute of limitations period, to file her complaint.

The failures of plaintiff to file status reports did not prejudice Romeoville HIE Hotels, which had not yet been served and so it could not have suffered any prejudice. *Thomas*, 951 F.3d at 862–63. The delay has not substantially affected the court's calendar. Lesser sanctions—namely, dismissal without prejudice—are available and appropriate, as explained above. And the suit seeks to hold accountable those who benefit from sex trafficking, a social objective in line with federal law. On balance, the factors do not favor dismissal on the merits. The motion to dismiss pursuant to Rule 41(b) is denied.

## IV.     Conclusion

Romeoville HIE Hotels' motion to dismiss, [13], is granted. This action is dismissed without prejudice for failure to timely serve defendant. Enter judgment and terminate civil case. If R.R. files a third case, she must pay a new filing fee, have summons issued, and timely serve defendant. In addition, she must either file the complaint using her true name, or the complaint must be accompanied by a motion to proceed pseudonymously. She must also alert the court in the civil cover sheet that she is refiling a dismissed case, and identify this case as the dismissed case. Failure to comply may result in a dismissal with prejudice.

ENTER:

                                                                                         _/s/ Manish S. Shah_____
                                                                                         Manish S. Shah
                                                                                         United States District Judge

Date: December 10, 2025